# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

    v.

Chauncey Jackson

## May 2, 2001

## Case No. CR00002154

BY JUDGE JOSEPH A. LEAFE

In this opinion, the Court will address three issues from our last hearing.

The first is a request by the defense for assistance from a private investigator, specifically Thomas Sokol. As noted at the time of the hearing, the Court approves this request.

The second is a request for initial funds in the amount of $2,500.00 to employ a corrections expert for reasons as stated to the record. In *Lovitt v. Commonwealth*, 260 Va. 497 (2000), the Virginia Supreme Court held that the determination of "future dangerousness" was not restricted to the "prison society" even when the defendant is ineligible for parole. This was followed in *Burns v. Commonwealth*, 261 Va. 307 (2001), where the Court considered whether a defendant in rebuttal to the Commonwealth's evidence of his future dangerousness could produce evidence that his opportunities to commit criminal acts of violence in the future would be severely limited in a maximum security prison. The Court found the relevant inquiry to be whether the defendant *would* commit criminal acts of violence in the future and not whether he *could* commit those acts. It found that the focus must be on the particular facts of the defendant's history and background and the circumstances of his offense. The Court stated:

> In other words, a determination of future dangerousness revolves around an individual defendant and a specific crime. Evidence regarding the general nature of prison life in a maximum security

facility is not relevant to that inquiry, even when offered in rebuttal to evidence of future dangerousness such as that presented in this case.

Based on the Supreme Court's holdings in *Lovitt* and *Burns*, this Court can find no reasonable basis to provide a corrections expert to the defendant in this case. The request for funds for the corrections expert is accordingly denied.

The third issue is defendant's motion to suppress all statements made by Mr. Jackson to the police. The Court has reviewed carefully the testimony presented at the suppression hearing on July 28, 1995, which the parties stipulated to be the evidence on this motion to suppress. The Court has further considered the brief filed by defense counsel. The Court also received substantial guidance from the reasoning set forth by the Virginia Supreme Court in *Jackson v. Commonwealth*, 255 Va. 625 (1998), under these identical facts.

This Court finds independently, when considering the totality of the evidence, that Mr. Jackson's statements were the product of his free will, made after a knowing, voluntary, and intelligent waiver of his *Miranda* rights. Specifically, the Court finds that Mr. Jackson has a reasonable level of intelligence and education, including substantial prior experience with the police. He clearly understood the process and was under no influence of drugs or alcohol or any emotional or mental disability at the time he voluntarily waived his *Miranda* rights and gave the statements. While he was in physical custody for a substantial period of time, there was no evidence of deprivation of physical comforts nor anything unusual about the duration and circumstances of the interrogation. The Court finds the investigator's approach to be completely straightforward and appropriate and finds no evidence of trickery or deceit or psychological pressures or threats of any kind. Specifically, this Court finds no authority for the proposition that the statements should be suppressed because they were taken outside the presence of Mr. Jackson's mother even though Mr. Jackson was a juvenile. Finding no such authority in Virginia law, this Court finds that the confession should not be suppressed for the reason of parental absence. The motion to suppress is accordingly denied.